UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **JERRY LEWIS DEDRICK** | **CIVIL ACTION NO. 2:13-cv-0924** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **C. MAIORANA, ET AL** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the *pro se* petition for writ of *habeas corpus* filed by plaintiff Jerry Lewis Dedrick on May 3, 2013. Doc. 1. Plaintiff submitted a deficient motion to proceed *in forma pauperis* on the same date. Doc. 2. By Order dated May 14, 2013, this court informed plaintiff that he must either submit the $5.00 filing fee or complete an application to proceed *in forma pauperis* on the forms provided. Doc. 4. Plaintiff was given 30 days or until June 14, 2013, to submit the fee or application and was cautioned that failure to amend the pleadings as indicated would result in his pleading being stricken from the record. *Id*.

On June 7, 2013 plaintiff submitted a motion for an extension of time to comply with the court order which was granted on June 11, 2013 extending his deadline to comply to July 15, 2013. Doc. 7, 8. On June 24, 2013, plaintiff submitted a second motion to proceed *in forma pauperis* which motion was denied by order dated July 2, 2013. Doc. 10, 12. Plaintiff was ordered to pay the $5 filing fee within 30 days of that order or by August 2, 2013. *Id*. Plaintiff was once again cautioned that failure to comply with the order would result in the petition being stricken. *Id.*

On July 19, 2013, plaintiff filed another motion for an extension of time to pay his $5 filing fee which motion was granted on July 26, 2013, giving him until August 16, 2013, to pay. Doc. 13, 14. On August 1, 2013, plaintiff filed his third motion for an extension of time to pay his filing fee which was again granted giving plaintiff until August 30, 2013, to pay his fee. Plaintiff was cautioned that no further extension would be granted. Doc. 15, 16.

On August 12, 2013, the Clerk of Court's office received a $5 payment from the Department of Justice on behalf of an inmate by the name of Laonii Hall. *See* Doc. 26. The case number referenced on the check was 13-0924, the number assigned to the instant matter filed by inmate Jerry Lewis Dedrick. *Id.* Unable to determine if the check was for Hall or Dedrick, the clerk's office called prison officials who advised that the check should be returned. *Id.* By letter dated August 15, 2013, directed to prison officials the $5 check was returned with instructions to remit the correct payment. *Id*. There is no indication plaintiff was copied with that correspondence at that time.

On September 23, 2013, plaintiff filed a letter informing the court that the $5 fee in his case was being paid by a "friend Mr. Laonii Hall." Doc. 18. On that same date the Clerk's office sent plaintiff a copy of the letter dated August 15, 2013 which explained that the check had been returned.

On January 9, 2014 the court issued the following Order:

> By [#12] Order on Motion for Leave to Proceed in forma pauperis, plaintiff was ordered to pay a $5 filing fee within 30 days. The court received a filing fee which potentially could have applied to this matter but … that fee was returned. Plaintiff was advised that the $5 had been returned. To date no filing fee has been paid. Plaintiff has until 2/28/2014 to pay the filing fee or the matter will be dismissed.

Doc. 21.

On February 13, 2014, the Clerk of Court's office received a second $5 payment from the Department of Justice on behalf of inmate Laonii Hall but with the docket number for the instant case. *See* Doc. 27. After checking with prison officials the Clerk's office was advised that inmates are not allowed to make payments on behalf of another. By letter dated February 18, 2013, the $5 was returned and by copy of the letter to plaintiff he was informed that inmates are not allowed to make payments on behalf of another and that he must remit the balance owed. *Id.* He was further notified that the letter in no way was an extension of the February 28, 2014, deadline to pay. *Id.*

As of this date, plaintiff has failed to submit the $5 filing fee as ordered by this court.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order ..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Therefore,

**IT IS RECOMMENDED** that plaintiff's petition for writ of *habeas corpus* be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

-4-

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996

THUS DONE AND SIGNED in Chambers this 6th day of March, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE